967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. TOCKI, Defendant-Appellant.
 No. 91-30012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.
Decided June 8, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Tocki appeals his conviction for being a felon in possession of ammunition. Upon his arrest the police conducted two searches; a legal one of his person, and an unlawful search of his car. The officers commingled the evidence found during the two searches. The court suppressed the evidence found in the unlawful search of Tocki's car. He claims that all this evidence should have been suppressed because, as a result of the commingling, the illegal search tainted the lawfully-obtained evidence. We affirm.
 
 
 3
 * Subsequent to Tocki's arrest, an officer conducted a search of his person and found eleven .44 caliber cartridges in his coat pocket. They were placed in a property bag. The officer then searched Tocki's vehicle and found a loaded revolver. Another officer unloaded the weapon, removed six cartridges and placed those in the same bag with the eleven cartridges found in Tocki's pocket.
 
 
 4
 Tocki was charged with being a felon in possession of a loaded firearm. After the district court granted his motion to suppress the firearm and the cartridges found inside, the government dismissed that charge and did not appeal the suppression.
 
 
 5
 Tocki was then charged in a second indictment for being a felon in possession of ammunition. The judge denied his motion to suppress the 17 cartridges. Those included the six that were found in the revolver and previously suppressed.
 
 
 6
 At a nonjury trial, the government put into evidence all 17 cartridges in the form of two exhibits. Exhibit 1 included eight cartridges with no loading or extraction markings on them, and Exhibit 4 included nine cartridges with loading and extraction markings on them. Tocki claims that Exhibit 4 should not have been admitted in evidence because it contained the six cartridges previously suppressed, and that Exhibit 1 should not have been admitted because it was evidence derived from illegally seized material and was tainted.
 
 II
 
 7
 We review de novo the question whether evidence derived from an illegal search is sufficiently tainted to require suppression. United States v. Johns, 891 F.2d 243, 244 (9th Cir.1989) (quoting United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.1984) (en banc)).
 
 
 8
 When the government commingles lawfully and unlawfully obtained evidence, the evidence must be suppressed unless the government can identify the specific items lawfully seized. United States v. Finucan, 708 F.2d 838 (1st Cir.1983). In Finucan, the government seized documents in an unlawful search that were later commingled with lawfully obtained documents. The district court ordered a blanket suppression of all the documents. On appeal, the court re-opened the hearings to allow the government to come forward with clear proof of any records not clearly attributable to the illegal search. Id. at 845.
 
 
 9
 We reject Tocki's argument that Finucan is distinguishable because in Finucan, identification of the illegally obtained evidence was accomplished through identification of the agent's initials on the back of the documents, whereas here the government used microscopic examination. This is not a relevant distinction. In our case, microscopic examination was necessary to identify the cartridges, and this was not a manipulation of the evidence.
 
 
 10
 The district court properly allowed the government to examine all cartridges to allow it to meet its burden.
 
 III
 
 11
 Tocki argues that the eight cartridges in Exhibit I should not have been admitted in evidence because they were derived from illegally obtained evidence.
 
 
 12
 In Wong Sun v. United States, 371 U.S. 471 (1963), the Court discussed whether evidence obtained after an illegal search should be suppressed as fruit of the poisonous tree. It said that the inquiry should be: "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Id. at 488.
 
 
 13
 The prosecution here did not exploit the illegal search when it examined all 17 cartridges. The illegally obtained material did not significantly direct the investigation nor lead to any new evidence. The government's firearms expert testified that he did not use the suppressed firearm to determine that the eight bullets in Exhibit 1 had never been extracted from a firearm. The government attempted only to distinguish between the cartridges obtained legally and those obtained illegally.
 
 
 14
 The court did not err when it admitted the eight unmarked cartridges in evidence.
 
 IV
 
 15
 The admission of improper evidence is harmless error when ample evidence supports conviction after the improper evidence is disregarded. Federal Trade Commission v. American National Cellular, 868 F.2d 315, 322 (9th Cir.1989).
 
 
 16
 Because the revolver and the cartridges contained in it had been suppressed previously, it was error for the court to admit them in evidence. There was still sufficient evidence to establish Tocki's guilt, however.
 
 
 17
 The court stated explicitly that it would not consider the suppressed evidence in determining guilt or innocence. There was uncontested testimony that the officer found eleven cartridges in Tocki's pocket. The expert witness found that eight cartridges bore no loading or extraction markings and he testified that loading and extracting cartridges without the cartridges showing any loading or extraction marks was not probable.
 
 
 18
 The admission of the improper evidence was harmless error.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3